# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENENSSEE
# MEMPHIS DIVISION

ANTONIO DWAYNE LEWIS,

    Plaintiff,

vs.                                                                 Docket No. 2:25-cv-02681

INTELIFI, INC.,

    Defendant.

## ANSWER OF DEFENDANT

Comes Now the Defendant, Intelifi, Inc., (hereinafter "Intelifi"), by and through counsel, and in response to the Complaint filed against it, says as follows:

Intelifi denies that it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") as alleged in the first paragraph of the Complaint.

As to each corresponding numbered paragraph in the Complaint, Intelifi states:

1.    The allegations in paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Intelifi admits only that Plaintiff seeks to assert claims under the FCRA.

2.    The allegations in paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Intelifi admits only that it is a consumer reporting agency within the meaning of the FCRA and that it sometimes prepares consumer reports for employment purposes within the meaning of the FCRA.

3.    In response to paragraph 3, Intelifi admits only that it prepared a consumer report about Plaintiff. The remaining allegations in paragraph 3 are legal conclusions to which no

response is required. To the extent a response is required, the allegations are denied.

4. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 4 and therefore denies this allegation and demands strict proof thereof.

5. In response to paragraph 5, Intelifi states that whether the Report was "inaccurate" is a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. On information and belief, Plaintiff was offered a job from his prospective employer before he filed this lawsuit. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and they are therefore denied.

6. In response to paragraph 6, Intelifi states that whether its reporting was "inaccurate" or it should have "reviewed the widely available public court records" are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and they are therefore denied.

7. The allegations in paragraph 7 in part refer to the contents of documents which speak for themselves. Intelifi denies any contrary characterizations of them. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and they are therefore denied.

8. Denied.

9. The allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. In response to paragraph 10, Intelifi states that whether the Report was "inaccurate" is a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. Intelifi denies that it "cost" Plaintiff a job or damaged Plaintiff

whatsoever.

11. The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Intelifi denies that it damaged Plaintiff whatsoever.

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Intelifi admits only that Plaintiff seeks to assert claims under the FCRA but denies any liability thereunder.

**PARTIES**

13. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and thus denies same. No response is required to the legal conclusions asserted in paragraph 13.

14. Admitted.

15. Admitted.

16. Admitted.

**JURISDICTION AND VENUE**

17. The allegations in paragraph 17 are legal conclusions to which no response is required.

18. The allegations in paragraph 18 are legal conclusions to which no response is required.

**STATUTORY BACKGROUND**

19. The allegations in paragraph 19 refer to the contents of a statute that speaks for itself. Intelifi denies any contrary characterizations.

20. The allegations in paragraph 20 refer to the contents of a statute that speaks for itself. Intelifi denies any contrary characterizations.

21. The allegations in paragraph 21 refer to the contents of a statute that speaks for itself. Intelifi denies any contrary characterizations.

22. The allegations in paragraph 22 are legal conclusions to which no response is required.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

23. In response to paragraph 23, Intelifi admits only that it prepared the Report at the request of Staffline, Inc. The remaining allegations in paragraph 23 refer to the contents of a statute that speaks for itself; Intelifi denies any contrary characterizations.

24. The allegations in paragraph 24 refer to the contents of a statute that speaks for itself. Intelifi denies any contrary characterizations.

25. In response to paragraph 25, Intelifi admits that it is a consumer reporting agency within the meaning of the FCRA. The remaining allegations in paragraph 25 refer to the contents of a statute that speaks for itself. Intelifi denies any contrary characterizations.

26. The allegations in paragraph 26 refer to the contents of a statute that speaks for itself. Intelifi denies any contrary characterizations.

27. The allegations in paragraph 27 refer to the contents of a statute that speaks for itself. Intelifi denies any contrary characterizations.

28. Intelifi denies the allegations of Paragraph 28.

## DEFENDANT'S ILLEGAL BUSINESS PRACTICES[1]

29. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and thus denies same.

---

[1] To the extent this heading constitutes an allegation, Intelifi denies it engaged in any illegal activity or conduct.

30. The allegations in paragraph 30 in part refer to the contents of documents which speak for themselves. Intelifi denies any contrary characterizations of them. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30, and they are therefore denied.

31. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and thus denies same.

32. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and thus denies same.

33. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 concerning other "background check companies," and therefore denies same. Intelifi admits only that it complies with the FCRA when it prepares consumer reports.

34. The allegations in paragraph 34 contain legal conclusions to which no response is required. To the extent a response is required, Intelifi admits only that it complies with the FCRA when it prepares consumer reports.

35. Intelifi denies the allegations of Paragraph 35.

36. Intelifi denies the allegations of Paragraph 36.

37. In response to paragraph 37, Intelifi states that the allegations concerning "inaccuracy" and "accuracy" are legal conclusions to which no response is required. To the extent a response is required, Intelifi admits only that it complies with the FCRA when it prepares consumer reports. Intelifi denies the remaining allegations in paragraph 37.

38. The allegations in paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, they are denied.

39. In response to paragraph 39, Intelifi admits only that it is a consumer reporting

agency within the meaning of the FCRA and an accredited member of the Professional Background Screening Association. Whether Intelifi is "well aware" of the FCRA requirements is a legal conclusion to which no response is required. Further, Intelifi admits that PBSA hosts conferences were any number of topics are presented. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and thus denies same.

40. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph40 and thus denies same.

41. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and thus denies same.

42. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and thus denies same.

43. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and thus denies same.

## FACTS
### Plaintiff Applies for a Job with Staffline

44. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and thus denies same.

45. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and thus denies same.

46. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and thus denies same.

47. In response to paragraph 47, Intelifi admits only that it prepared the Report on

Plaintiff at the request of Staffline pursuant to an agreement. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and thus denies same.

48. Admitted.

49. Admitted.

50. In response to paragraph 50, Intelifi states that the allegations concerning "inaccuracy" are legal conclusions to which no response is required. To the extent a response is required, Intelifi admits only that it complies with the FCRA when it prepares consumer reports. Intelifi denies the remaining allegations in paragraph 50.

51. In response to paragraph 51, Intelifi states that the allegations concerning "inaccuracy" are legal conclusions to which no response is required. Further, the allegations in paragraph 51 in part refer to the contents of documents which speak for themselves. Intelifi denies any contrary characterizations of them. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51, and they are therefore denied.

52. In response to paragraph 52, Intelifi states it includes allegations which are a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. To the extent the allegations in paragraph 52 refer to the contents of documents that speak for themselves, Intelifi denies any contrary characterizations.

53. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and thus denies same.

54. In response to paragraph 54, Intelifi states it includes allegations which are a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. The remaining allegations in paragraph 54 refer to the contents of documents that

speak for themselves and Intelifi denies any contrary characterizations.

55. In response to paragraph 55, Intelifi states it includes allegations which are a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. The remaining allegations in paragraph 55 refer to the contents of documents that speak for themselves and Intelifi denies any contrary characterizations.

56. In response to paragraph 56, Intelifi states it includes allegations which are a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied. The remaining allegations in paragraph 56 refer to the contents of documents that speak for themselves and Intelifi denies any contrary characterizations.

57. The allegations in paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

58. The allegations in paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

59. The allegations in paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and they are therefore denied.

61. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and they are therefore denied.

62. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and they are therefore denied.

63. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and they are therefore denied.

64. In response to paragraph 64, Intelifi is without knowledge or information

sufficient to form a belief as to the truth of the allegation that certain records were "available" to Intelifi at a certain time, and they are therefore denied. The remaining allegations in paragraph 64 refer to the contents of documents which speak for themselves. Intelifi denies any contrary characterizations. To the extent any of the allegations in paragraph 64 embody legal conclusions, no response is required. To the extent a response is required, the allegations are denied.

65. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff "continued to follow up with Staffline" in paragraph 65 and they are therefore denied. On information and belief, Staffline did renew its job offer to the Plaintiff and therefore Intelifi denies the remaining allegations of paragraph 65 and strict proof thereof is demanded.

66. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and they are therefore denied.

67. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and they are therefore denied.

68. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and they are therefore denied.

69. On information and belief, Staffline did renew its job offer to the Plaintiff and therefore Intelifi denies any contrary allegations of paragraph 69 and strict proof thereof is demanded. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and they are therefore denied.

70. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and they are therefore denied.

71. The allegations in paragraph 71 regarding an "inaccurate" report contain legal conclusions to which no response is required. To the extent a response is required, the allegations

are denied. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and they are therefore denied.

72. The allegations in paragraph 72 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 and they are therefore denied.

73. The allegations in paragraph 73 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Intelifi is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and they are therefore denied.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**

74. Intelifi incorporates paragraphs 1 through 73 of its Answer as if set forth verbatim herein.

75. Admitted.

76. The allegations in paragraph 76 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

77. Admitted.

78. The allegations in paragraph 78 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79. The allegations in paragraph 79 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

80. The allegations in paragraph 80 contain legal conclusions to which no response is

required. To the extent a response is required, the allegations are denied.

81. The allegations in paragraph 81 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

82. All allegations not specifically admitted are hereby denied. Intelifi denies Plaintiff is entitled to the relief set forth in his Prayer for Relief.

## DEMAND FOR JURY TRIAL

83. No response is required to Plaintiff's demand for a jury. Defendant also demands a jury of the maximum number permitted in this jurisdiction.

## AFFIRMATIVE DEFENSES

1. Intelifi acted reasonably at all times, without negligence, without recklessness, and without intent to injure Plaintiff.

2. Intelifi has reasonable procedures to assure the maximum possible accuracy of consumer reports.

3. Plaintiff's claim is barred because Intelifi's actions or omissions did not cause, proximately or otherwise, the injury or damages Plaintiff alleges.

4. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Intelifi and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever.

5. If established by the facts developed during discovery, Defendant hereby gives notice it will assert at trial that Plaintiff's claim is barred to the extent he misrepresented material facts or failed to disclose material facts about himself during his employment application process.

6. Plaintiff's claim is barred to the extent that Plaintiff has suffered no actual damages, and an award of statutory and/or punitive damages to him would violate Intelifi's due process rights as they are disproportionate to the harm alleged and suffered.

7. Plaintiff's claim is barred to the extent that he failed to mitigate his alleged damages.

8. Plaintiff's claim is barred to the extent that Intelifi acted at all times in accordance with the FCRA.

9. Plaintiff's claim is barred to the extent that Plaintiff's alleged damages were caused by a third party.

10. All claims against Intelifi are barred because all of the information Intelifi communicated to any third person regarding Plaintiff was true.

11. On information and belief, and if the proof adduced during discovery supports, Defendant will assert at trial that any alleged damages sustained by Plaintiff were, at least in part, caused by the action of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Intelifi, whether as comparative fault, estoppel or any other theory of law or equity.

12. Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

13. To the extent Plaintiff has experienced any actual damages, which Defendant denies, they were the result of a superseding or intervening cause for which Defendant is not legally responsible.

14. Plaintiff's claim for exemplary or punitive damages violates Defendant's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth

Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

15. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without proof of every element of such claim beyond a reasonable doubt would violate Defendants due process and equal protection rights under the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

16. Unless Defendant's alleged liability for punitive damages and the appropriate amount of punitive damages to be assessed are required to be established by clear and convincing evidence, any award of punitive damages would violate the Defendant's due process and equal protection rights under the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

17. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages, subject to no predetermined upper limit, either as a maximum multiple of compensatory damages or an absolute maximum amount, would violate Defendant's due process and equal protection rights under the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions, and may result in a violation of Defendant's right not to be subjected to an excessive award in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

18. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages by a jury that is not provided with standards of sufficient clarity and uniformity for determining the appropriateness or the appropriate size of a punitive damage award would violate Defendant's due process and equal protection rights guaranteed by the

Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

19. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages by a jury that is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages as reflects a necessary relationship between the amount of punitive damages and actual harm in question would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

20. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages by a jury that is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of an invidiously discriminatory characteristic, including but not limited to the Defendant's corporate status, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

21. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Tennessee law by a jury that is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague, imprecise, inconsistent, and arbitrary and do not define with sufficient clarity to give advance notice of a potential defendant of the prohibited conduct or mental state that makes an award of punitive damages possible, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

22. Plaintiff's claim for punitive damages cannot be sustained because an award of

punitive damages by a jury that is not subject to trial and appellate Court review on the basis of uniform and objective standards would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

23. Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without affording the Defendants protections similar to those that are afforded to criminal defendants, including but not limited to the protection against unreasonable search and seizures. Double jeopardy or impermissible multiple punishments, compelled self-incrimination, the right to confront adverse witnesses, to compulsory process for favorable witnesses, to the effective assistance of counsel, and to a unanimous verdict of a twelve-person jury on every element of an award of punitive damages, would violate the Defendant's rights guaranteed by the Fourteenth Amendment to the United States Constitution and under the analogous provisions of applicable State Constitutions.

24. Defendant specifically reserves the right to add further affirmative defenses as they become known through investigation and discovery and hereby provides notice it will seek leave to amend this Answer should further investigation warrant, in accordance with Federal Rule of Civil Procedure 15, this Court's Local Rules and any Orders of this Court.

Now, having fully answered, and set forth its affirmative defenses, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint and grant Defendant all such other relief to which it may be entitled.

Respectfully submitted,


s/ Lewis W. Lyons
ROBERT A. COX (TN #14279)
LEWIS W. LYONS (TN #24577)
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street
Memphis, Tennessee 38103
Telephone: (901) 527-4673
Fax: (901) 521-0940
E-mail: rcox@gwtclaw.com
llyons@gwtclaw.com
GWTC File No.: 25-270
***Attorneys for Defendant***

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

A true and correct copy of the foregoing pleading has been properly served via the Court's CM/ECF system, Email and/or United States Mail, postage prepaid upon the following:

Tarek N. Chami, MI Bar #P76407
CONSUMER JUSTICE LAW FIRM PLC
835 Mason Street, Suite C349
Dearborn, MI  48124
tchami@consumejustice.com
***Counsel for Plaintiff***


                                s/ Lewis W. Lyons
                                LEWIS W. LYONS