IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| ANTONIO DWAYNE LEWIS,<br><br>Plaintiff,<br><br>vs.<br><br>INTELIFI, INC,<br><br>Defendant. | Civil Action No.: **2:25-cv-02681-TLP-cgc**<br><br>**JOINT REPORT OF RULE 26(f)** |

Pursuant to Fed. R. Civ. P 26(f), the parties hereby submit the following report of their Rule 26(f) conference and proposed Scheduling Order, which will be emailed to the Court's ECF inbox. On September 2, 2025, counsel for the Plaintiff and counsel for Defendant conferred via zoom to discuss scheduling and discovery issues in accordance with Rule 26(f). Counsel reviewed the list of topics presented in the Court's Notice of Setting. A Jury has been demanded for any potential trial of this matter. The estimated length of trial is two days.

**(1) Subjects on which discovery will be needed, including when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

**Plaintiff:**

Plaintiff anticipates conducting discovery on the following subjects:

a) The circumstances surrounding Defendant's collection, verification, furnishing and/or reporting of the credit information at issue in this case;

b) Defendants' policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b), as applicable;

1

c) Defendants' policies and procedures regarding receiving a dispute from a consumer, providing notice of the consumer's dispute to the furnisher of the disputed information, and the processes by which Defendants are meant to conduct a reasonable investigation of the information disputed by a consumer, as applicable;

d) Defendants' maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and

e) Third party discovery necessary to establish causation and damages.

Plaintiff does not believe that discovery should be completed in phases nor limited to or focused on a particular issue.

**Defendant:** Defendant anticipates conducting discovery on the following subjects:

a) The nature and extent of Plaintiff's alleged damages and the cause(s) thereof;

b) The steps, if any, Plaintiff took to mitigate his alleged damages;

c) Any facts that support Plaintiff's allegations as to liability or damages;

d) Any facts needed to support any affirmative defense.

Defendant does not believe that discovery should be completed in phases nor limited to or focused on a particular issue.

**(2) How the disclosure, discovery, or preservation of electronically stored information will be conducted, including a description of the parties' proposals and the form or forms for production;**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain

ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

To the extent reasonably practicable, the parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text.)

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method or other ESI protocols to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

**(3) A brief description of any agreement regarding claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the Court to include their agreement in an order under Fed. R. Evid. 502;**

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall,

sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**(4) The maximum number of interrogatories by each party to another party, along with dates the answers are due;**

The parties propose that the Court limit the use and numbers of discovery procedures as follows:

    a. Each party may serve no more than **twenty-five (25)** interrogatories, counted in accordance with Rule 33(a), shall be served by each side;

    b. Each party may serve no more than **forty (40)** requests for production of documents. objections to document requests must meet the requirements of Rule 34(b)(2)(B) ;

4

    c. **Plaintiffs:** No more than **10 fact depositions**, including Rule 30(b)(6) depositions and excluding expert witness depositions, shall be taken by either side.

    **Defendant:**

(5) **The maximum number of requests for admissions, including dates when responses are due;**

The parties stipulate that each party may serve no more than **forty (40) requests** for admission on any other party. In accordance with Federal Rule of Civil Procedure 36(a)(3), each request must be answered or objected to in writing within thirty (30) days after service, unless the parties agree otherwise or the Court orders a different deadline.

(6) **The maximum number of depositions for each party and limits on the length of depositions, in hours;**

Each party may take no more than **ten (10) depositions**. Each deposition, including direct examination, cross-examination and any follow-up, shall be limited to **seven (7) hours of examination**, absent stipulation of the parties or leave of court.

(7) **Dates for exchanging expert witness reports;**

**DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION: February 23, 2026; 2. DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION: March 23, 2026**

(8) **Dates for supplementation under Rule 26(e);**

The Parties stipulate that all supplementation of disclosures and discovery responses shall be made on **April 23, 2026.**

(9) **Final dates to amend pleadings or join parties;**

The Parties agreed that the final dates to amend pleadings or join parties shall be made on **November 25, 2025.**

**(10) Final dates to file dispositive motions;**

The Parties stipulate that the final dates to file dispositive motions shall be made on **May 22, 2026**.

**(11) A statement regarding the prospects for settlement, including any alternative dispute resolution procedure that may enhance settlement prospects;**

The parties at this time have not yet discussed or agreed upon any potential avenues for prompt settlement or resolution of the case.

**(12) An estimate of trial length; and**

The anticipated length of the **jury trial is 2 days.**

**(13) Any other items encompassed by Rules 16(b) and 26(f).**

**Plaintiff:** At this time, there are no case-specific issues, including discovery matters, that require special attention at the initial pretrial and scheduling conference. Plaintiff respectfully reserves the right to bring any such matters to the Court's attention should they arise.

**Defendant:**

**(14) Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Antonio Dwayne Lewis | Ryan D. Peterson (rpeterson@consumerjustice.com) Tarek N. Chami |

|  | (tchami@consumejustice.com)<br>Moises Masedman<br>(mmasedman@consumerjustice.com) |
|---|---|
| Defendant Intelifi, Inc. | Robert A. Cox<br>(rcox@gwtclaw.com)<br>Lewis W. Lyons<br>(llyons@gwtclaw.com) |

Dated: September 17, 2025,

By: */s/Ryan Peterson*
Ryan D. Peterson, MN #0389607
**CONSUMER JUSTICE LAW FIRM PLC**
6600 France Ave, Suite 602
Edina, Minnesota 55435
E: rpeterson@consumerjustice.com
T: (651) 315-7656
F: (480) 613-7733

Tarek N. Chami, MI Bar #P76407
**CONSUMER JUSTICE LAW FIRM PLC**
835 Mason St, Suite C349
Dearborn, MI 48124
T: (313) 447-0488
E: tchami@consumejustice.com

*Attorney for Plaintiff*
*Antonio Dwayne Lewis*

By: */s/ Lewis Lyons*
ROBERT A. COX (TN #14279)
LEWIS W. LYONS (TN #24577)
Glassman, Wyatt, Tuttle & Cox, P.C.
26 North Second Street
Memphis, Tennessee 38103
Telephone: (901) 527-4673
Fax: (901) 521-0940
E-mail: rcox@gwtclaw.com
 llyons@gwtclaw.com
GWTC File No.: 25-270

*Attorneys for Defendant*
*Intelifi, Inc.*